OCTOBER AND NOVEMBER TERM, 1883, No. 106.    OCTOBER 3, 1883.

# Hoskinson *et al. v.* Miller.

1. The principal debtor and two sureties were makers of a joint and several note under seal, dated September 1, 1876, payable one year after date with interest. The principal debtor paid the interest to September 1, 1877, and on October 4, 1877, he paid another year's interest, the receipt given by the payee specifying that the amount paid was interest from September, 1877, to September, 1878. Suit was brought upon said note in April, 1879, and judgment by default entered against the principal debtor. *Held*, on the trial of the issue against one of the sureties and the administrator of the other surety, that the liability of the principal debtor was fixed absolutely at the time judgment was entered against him; that he was not interested in the result, and was, the defense being purely personal, a competent witness to rebut the presumption of an extension of time which the sureties sought to raise from the payment of interest by him.

2. *Dubitatur* whether the receipt unexplained could have operated to the injury of the sureties.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas of *Greene County*.

Debt by A. B. Miller, treasurer of the trustees of the Pennsylvania Synod, against Nathaniel Clark, Thomas Hoskinson, and Timothy W. Ross, upon a note in the following form :

"500.00.

One year after date, we or either of us promise to pay to A. B. Miller, Treasurer of the Trustees of the Pennsylvania Synod, or his successor, the sum of five hundred dollars with interest from date, value received, witness our hands and seals, this first day of September, eighteen hundred and seventy-six (1876.)

N. C. CLARK,          [SEAL]
THOMAS HOSKINSON,    [SEAL]
T. W. ROSS,            [SEAL]'

Indorsed "Interest on the within note paid to September first, 1877."

The death of Timothy W. Ross was suggested of record, and D. Crawford, his administrator was substituted.

On April 6, 1882, judgment was entered against Nathaniel Clark for want of an appearance.

Upon the trial, January 9, 1883, the jury were sworn to try the issue between the plaintiff and Thomas Hoskinson, and D. Crawford, administrator of Dr. T. W. Ross, deceased, impleaded with Nathaniel Clark.

The plaintiff offered in evidence the above note and rested.

Defendants proved that N. Clark was the principal debtor on the note, and that Hoskinson and Ross were sureties, and then gave in evidence the following receipt for the purpose of showing that without the knowledge or consent of the sureties, the time of payment of the note was enlarged and extended from September, 1877, to September, 1878.

"Received October 5th, 1877, of N. Clark, thirty dollars, interest on a note of five hundred dollars, held by the Trustees of the Pennsylvania Synod, from Sept., 1877, to Sept., 1878."

A. B. MILLER,
*Treas.*'

Defendants then rested.

Plaintiff offered to prove by Nathaniel Clark, in rebuttal, "that the thirty dollars' interest received by the plaintiff on October 5, 1877, as shown by the receipt given in evidence by the defendants, was paid to the plaintiff by the witness in pursuance of an understanding and agreement between himself and the plaintiff, made and entered into at and before the giving of the note in suit, and that neither at the time said thirty dollars' interest was paid, nor at any other time after the note in suit was given was anything whatever said or mentioned by plaintiff to the witness, or by the witness to the plaintiff, in regard to the giving of time on the note in suit, and that the witness at all times considered himself bound as principal debtor to pay the note in suit if asked to do so by the plaintiff, at any time after its maturity notwithstanding the payment of interest in advance. This for the purpose of showing that the plaintiff had the right to sue the witness and recover on the note at any time after its maturity, and that therefore the sureties were not discharged."

[Hoskinson *et al. v.* Miller.]

The defendants object to the evidence offered on the ground that the witness is not a defendant in the suit now on trial, judgment having been taken against him, and secondly, that his evidence would create a liability on others and not on himself, and third, by reason of the death of Dr. Ross he is incompetent, and fourth, that his evidence is in contradiction of the written receipt and is incompetent on that ground.

The plaintiff amends his offer so as to confine it to the proof of the facts occurring in the lifetime of Dr. Ross.

The defendants object that the witness is not competent.

BY THE COURT. The objection to the competency of the witness will be overruled.

The plaintiff proposes to prove by this witness that the thirty dollars' interest paid on October 5, 1877, was paid in pursuance of a contract and agreement between himself and the plaintiff, made before and at the time the note in suit was given, and that by this contract and agreement, Dr. Miller reserved his right to sue upon the note in suit at any time after its maturity, notwithstanding the payment of interest in advance.

The defendants object to the evidence offered on the ground that it is inconsistent with the terms of the note, and the terms of the receipt referred to in the offer, and contradicts the same; that it contradicts the writing between the parties, and tends to create a liability outside of and beyond the papers; and further, that the evidence offered is incompetent and irrelevant.

The Court overruled the objection, and admitted the evidence under exception.

January 10, 1883, verdict for plaintiff for $630 75, upon which judgment was afterwards entered.

Defendants then took out a writ of error, and assigned as error the action of the Court in overruling the objection to the competency of Nathaniel Clark, and to the evidence offered as set forth above.

*Purman & Buchanan* for plaintiffs in error.

The payment of interest in advance without the knowledge or consent of the sureties raised a presumption that there was an agreement to extend the time of payment.

Clark would have been incompetent as a witness prior to the legislation removing the disabilities of parties as witnesses: Wolf *v.* Fink, 1 Barr, 435; Swanzey *v.* Parker, 14 Wr., 454; Branthoover *v.* Cook, 13 Pitts. L. J., N. S., 230. He is incompetent as a witness on behalf of the plaintiff without the consent of his co-defendants. He is

[Hoskinson *et al. v.* Miller.]

incompetent to testify to matters occurring in the life-time of Dr. Ross : Branthoover *v.* Cook, 13 Pitts, L. J., 230 ; Dean *v.* Warnock, 2 Out., 565. He is incompetent because he comes within the proviso of the act of 1869 : Karns *v.* Tanner, 16 P. F. Sm., 297 ; Hanna *v.* Wray, 27 *Id.*, 27 ; Branthoover *v.* Cook, *supra.*

This case does not come within the act of 25th May, 1878, permitting surviving partners to testify.

The evidence as to the parol agreement made with Clark at the time of the payment of the interest is inadmissible. It was made without the knowledge of the sureties, and contradicts the written contract between the parties. It was not made at the execution of the note : 17 P. F. Sm., 459 ; Hurst *v.* Kirkbridge, I Binney, 616 ; Greenawalt *v.* Kohne, 4 Norris, 375.

*J. P. Teagarden* and *J. M. Garrison* for defendant in error.

The acts of 15th April, 1869, and 27th March, 1865, have no application. They do not disqualify any person who was competent before. Clark would have been a competent witness before these acts. His liability was fixed and determined by the judgment previously entered against him, and the case was tried solely as between plaintiff and sureties upon a defense personal to themselves, in which Clark had no interest : Good *v.* Calvert, 1 Penny-packer, 140 ; Miller *v.* Stem, 2 Barr, 286 ; Talmage *v.* Burlingame, 9 *Id.*, 21 ; Simpson *v.* Bovard, 24 P. F. Sm., 351.

In all the cases cited by plaintiffs in error, the liability was joint. In this case the liability is several as well as joint.

The evidence of Clark does not contradict the note, but merely explains the receipt, and rebuts any presumption that might arise as to an extension of time.

October 1, 1883.—Per Curiam : Clark was not a party in the issue being tried. He was not interested in the result. As to him, the judgment had become final nine months before he was offered as a witness. His liability was fixed absolutely. The defense set up by the plaintiffs in error was personal as to the sureties. It did not raise the question of consideration or original disability on the note. The makers of the note were jointly and severally bound. The witness testified voluntarily to rebut a presumption which the sureties sought to raise from the payment of interest by the witness. The defense of

the sureties being purely personal, the witness was competent for the plaintiffs below : Talmage *v.* Burlingame, 9 Barr, 21 ; Simpson's Executor *v.* Bovard, 24 P. F. Smith, 351 ; Good *v.* Calvert, 1 Pennypacker, 140. It is very doubtful whether the receipt unexplained could have operated to the injury of the sureties.

Judgment affirmed.